UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2008(DSD/LIB)

Lance Gerald Milliman,

       Plaintiff,

v.                                    **ORDER**

Nancy A. Berryhill, Acting
Commissioner of Social Security,

       Defendant.

This matter is before the court upon the objection by plaintiff Lance Gerald Milliman to the June 29, 2017, report and recommendation of United States Magistrate Judge Leo I. Brisbois. In his report, the magistrate judge recommends that the court deny the motion for summary judgment by Milliman and grant the motion for summary judgment by defendant Acting Commissioner of Social Security Nancy A. Berryhill (Commissioner). After a de novo review, and for the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

## BACKGROUND

The background of the action is fully set forth in the report and recommendation, and the court briefly summarizes the history of the present action. Milliman seeks judicial review of the decision to deny his application for period of disability, disability benefits, and for supplemental security income. The Commissioner denied the applications initially and again upon reconsideration.

Milliman then requested a hearing before an administrative law judge (ALJ).

On April 15, 2015, the ALJ affirmed the denial of Milliman's applications. The Appeals Council denied a request for review, making the ALJ's determination the final decision of the Commissioner. On June 20, 2016, Milliman filed this action, seeking judicial review of the decision denying benefits. Both parties moved for summary judgment. Magistrate Judge Brisbois recommends granting the Commissioner's motion. Milliman objects.

## DISCUSSION

### I. Standard of Review

The court reviews the report and recommendation (R&R) of the magistrate judge de novo, and the findings and decisions of the ALJ for substantial evidence on the record as a whole. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004). The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v.

Chater, 109 F.3d 1255, 1258 (8th Cir. 1997). Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). Rather, the court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886-87 (8th Cir. 2007).

## II.   Propriety of R&R

Milliman first argues that the R&R is improper because Magistrate Judge Brisbois was without authority to hear the matter. Milliman maintains that he filed a request to have the matter considered by the district judge. This argument is without merit. First, the docket reflects no such request by Milliman. Second, the court's local rules designate magistrate judges to "submit to the district judge proposed findings and recommendations in the disposition of ... motions for summary judgment in social security appeals under 42 U.S.C. § 405." Minn. L.R. 72.1(a)(3)(D). See also 28 U.S.C. § 636(b)(1)(B) ("[A] judge may ... designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court ...."). Magistrate Judge Brisbois complied with the court's rule in issuing an R&R in this case. Now that Milliman has objected to the R&R the district judge will review those objections de novo pursuant to statute. As a result, the court overrules this

objection.

### III. ALJ Bias

Milliman also objects to the ALJ's decision, arguing that he was biased against him as evidenced by the fact that he yelled and screamed at Milliman during the hearing. The record as a whole, and in particular the transcript of the hearing, do not support a finding of ALJ bias. Although the written page does not disclose tone, none of the words used or questions asked by the ALJ betray any bias against Milliman. As a result, Milliman has failed to overcome the presumption that the ALJ was unbiased. Perkins v. Astrue, 648 F.3d 892, 902-03 (8th Cir. 2011).

### IV.  Sufficiency of Evidence

Milliman next argues that the ALJ's decision was not based on substantial evidence on the record as a whole. Milliman maintains that the ALJ relied on inadmissible evidence and disregarded evidence favorable to him in reaching a final determination. After careful consideration of the ALJ's order and the transcript of the hearing, and as set forth in detail in the R&R, the court concludes that there was ample admissible evidence in the record to support the ALJ's conclusion that Milliman's applications should be denied. Nothing Milliman points to in his objection undermines the ALJ's determination.

In sum, after a de novo review, the court finds that the ALJ's decision was supported by substantial evidence on the record as a

whole. As a result, the court overrules Milliman's objection to the report and recommendation.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 31] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 27] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 16] is denied;

4. Defendant's motion for summary judgment [ECF No. 22] is granted; and

5. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 28, 2017

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court